### GILLIS v. DABNEY.

(Supreme Court, Appellate Term, First Department. December 17, 1914.)

INSURANCE (§ 760*)—MUTUAL BENEFIT INSURANCE—BY-LAWS.

  A member of defendant lodge having, when sick, been in arrears more than six months, so that under a by-law he could not, while sick, pay up and become entitled to benefits, the widow could not, under a by-law providing, "Twelve  * * *  months' membership and the payment of all dues  * * *  shall in the event of death entitle" the widow to be paid $100, pay up the arrears after death of the member.

  [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1923; Dec. Dig. § 760.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Marie Gillis against Samuel G. Dabney, as president of Golden Fleece Lodge, etc. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued November term, 1914, before LEHMAN, DELANY, and WHITAKER, JJ.

Wilford H. Smith, of New York City, for appellant.

Louis A. Leavelle, of New York City, for respondent.

DELANY, J. Action to recover a death benefit of $100, alleged to be due under the by-laws of the defendant lodge, of which plaintiff's decedent was a member at the time of his death. Pleadings written.

Plaintiff, the widow of the decedent, claims that decedent was a member in good standing of the defendant lodge at the time of his death, and that by reason thereof, and the by-laws, etc., of the lodge, she became entitled to the sum of $100, to be paid her by the lodge as a death benefit, and that she has made proper demand for, and been refused, the same. Defendant, in substance, denied the material allegations of liability in the complaint, and as a separate defense alleged that decedent was indebted at the time of his death to the lodge for dues, taxes, assessments, and fines for an amount in excess of more than six months' dues, and, under the laws of the lodge and order, not entitled to the death benefit.

Section 1, article 9, of the by-laws of the lodge reads:

"Twelve calendar months' membership and the payment of all dues, taxes, fines, or other legal obligations to the lodge shall, in the event of death, entitle to be paid to the widow or legal heir or representative or next of kin of the member $100, unless otherwise ordered."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Section 2 of law 73, general laws of the order, is as follows:

"Any member of any subordinate lodge of this order, who is indebted to the lodge to which he belongs for dues, fines, taxes, and assessments, or other lawful claims or obligations, when aggregated in a sum exceeding or greater than the aggregate amount or sum of six months' regular dues of such lodge, is declared nonfinancial, and he shall not be allowed to receive the passwords, attend any lodge meetings, except to make himself financial, or to receive benefits until his indebtedness shall have been paid in full, nor shall any nonfinancial member be allowed to make himself financial during his sickness or disability."

The court held that under section 1, article 9, as above, plaintiff could personally pay up any of her deceased husband's dues, and deducted $5 from the amount of the death benefit, and gave plaintiff judgment for $95.

This we think was error. The testimony for plaintiff establishes that at decedent's death he was indebted to his lodge for 10 months' dues at 40 cents per month, and for two death benefits at 50 cents each, a total of $5. Some effort was made to prove that a tender of $2 had been made as a payment of dues in November prior to the decedent's death; but it was admitted the decedent was sick at that time, and had sent his dues to the lodge by a messenger. There was a dispute as to whether the tender had been made in November, 1912, or January, 1913, prior to decedent's death. If the tender of the $2 had been made in November, 1912, decedent was then indebted to the lodge for four months' dues at 40 cents, and two death benefits at 50 cents, a total of $2.60. If tender was in January, 1913, he owed six months' dues at 40 cents, and two death benefits at 50 cents, a total of $3.40.

By section 2, law 73 of the order, it will be seen that any member of the subordinate lodge who is indebted to his lodge for dues, assessments, etc., exceeding six months' dues, is held in effect not to be in good financial standing, and is deprived of the password and attendance at meetings (except to pay up his indebtedness in full and thus put himself in good financial standing), and may not receive any benefits until he is restored to good financial standing, and if he is not in good financial standing he may not become so while he is sick.

Here it is evident that, whether the tender of $2 was made in November, 1912, or January, 1913, that sum was not sufficient to pay his indebtedness in full, for in November he owed $2.60 to the lodge, and in January he owed $3.40. Moreover, he was sick and "nonfinancial" in November at the time of the tender, and under the by-law, being "nonfinancial," he could not make himself "financial" while he was sick.

The judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.